and turn to U.S. Securities and Exchange Commission against Alpine Securities Corporation. Good morning, Your Honors. May it please the Court, Miranda Fritz for Appellants. The District Court in this case erred in the context of an SEC enforcement action against Alpine in issuing an injunction that barred two aggrieved parties, Alpine and a non-party, Scottsdale Capital Advisors, from pursuing a statutorily authorized claim under the Administrative Procedure Act through an action in Utah. In the process, the Court failed to conduct the proper analysis with respect to application of the first filed rule and simply ignored substantial persuasive authority confirming that the first filed rule is not applicable under these facts. Now, the SEC argues that— This was directed at the District Court's case. This was directed at what was happening in the Southern District when you filed out in Utah. The Utah— The whole reason for the filing out in Utah was to raise an argument that the District Court had rejected, right? The purpose of the filing in Utah was to pursue the right that any aggrieved party has to really litigate— Which was a defense that had been raised here, correct? It was an issue that had been raised. And rejected by the District Court. Obviously, I have argued that the Court's dismissal of the argument didn't actually address the issue. The Court never considered the actual requirements of the APA. The Court never even looked at the fact that incorporation by reference, which is what the SEC argued was the basis for Rule 17A8, was not permissible under these circumstances. Putting that aside— No, no. Don't put it aside. Okay. I mean, if that's the case, your remedy was to appeal to the Court of Appeals here. If you think that Judge Coate was wrong, fine. It'll be reviewed on appeal. Why would you go to another district court to have the matter dealt with? Two reasons. Number one, because Alpine and Scottsdale, a non-party, are statutorily entitled to have that issue properly reviewed. Because there is no bar by virtue of what happened in front of— Well, could it not have been reviewed by Judge Coate or by the Court of Appeals? That's the second reason, Your Honor. There could never, arguably, have been a proper review of this issue by this Court. And here's the reason why. Because first-file rule, based on all of the Second Circuit decisions— First-file rule, out of it. Just take the district court proceedings and why that issue would not come up ultimately on appeal. Here's what Alpine confronted in that case. And this is not the first time I've come to this court seeking relief on this issue. Here's the situation that it was confronted with. In an SEC enforcement action, Alpine is not allowed to assert a counterclaim. We all know that. So there can't be an affirmative claim. By virtue of that, there is no record that ends up being developed. Where anyone, any litigant, asserts a claim— You can't go before the district court, are you not, to enforce the SEC ruling? What happened here is— The other side, I should say. I mean, the SEC would have to come to the district court. Consider what actually occurred here. This is the reason why. It is a competing claim that should bar a litigation and not just an overlapping issue or argument. Here's why. Because since we were not allowed to assert a claim, since we were not allowed to obtain any discovery on the issue, since, unlike a real APA claim, we never received an administrative record, in fact, the SEC sought and obtained from the court a ruling that we were not entitled to discovery on the issue. So the record never developed before the district court. That enabled the district court truly to give the issue the back of her hand without any consideration. Why isn't that a perfectly good issue to raise on appeal from the district court's ruling? Here's the reason. Putting aside the issue of whether we are simply statutorily entitled to pursue the APA case, which obviously I believe we are, there is every likelihood here that there will not be an appeal of this case under these circumstances and that if the appeal does go forward, this court would likely conclude or consider that there really isn't any APA record sufficient to fully adjudicate that issue. What does that mean? So there would be no review, no appellate review. So that the record could be developed. Then we end up trying to go back and do exactly what was denied in the lower court. Correct. Again, discovery denied and all that. Unheard of here. But the reason why the SEC, why we're not allowed to counterclaim in an SEC action, is precisely because of this. SEC enforcement actions don't permit counterclaims because in enforcement actions there is not supposed to be this kind of APA issue that then bogs down that litigation. That's why there are two cases, UnitedHealth and Cedars-Sinai, that explain that where you have enforcement relating to an alleged violation of a particular statute, but also an APA claim, those are separate and distinct. And in both of those cases, the courts concluded that there was no bar to an APA claim. And the courts in those cases explained these are different issues, different relief sought, not duplicative claims, and both should be allowed to proceed and develop. Now, why do I say that it is likely that there would be no appeal here? Because what we've said to this court in prior pleadings, including a mandamus petition, is the SEC, by virtue of this case, is seeking a penalty that is so massive they've now filed for a $22 million penalty. Under those circumstances, where you're dealing with a regulated broker-dealer or clearing firm, the ability to actually survive issuance of that judgment is by definition in doubt. Even though you could proceed after that case is over to do what you were trying to do out in Utah, you wouldn't have the ability to do that. That's right. Regardless of whether you took an appeal from that decision. That's right. And we have put this issue before the court, not just in this proceeding, but in prior applications saying it is a given that the SEC is proceeding with a request for a penalty that far exceeds even the annual revenues of the firm. When you're dealing with a firm like this, net capitalization requirements will kick in immediately. Those issues can't be presented in the course of the proceeding in front of Judge Cote? Assuming that Judge Cote issues or agrees to such a penalty, I think it would be fair to say that she would be disinclined to stay enforcement and permit an appeal. What we've been debating is whether we can then come to this court and ask for a stay of enforcement such that the firm cannot be closed down for net cap requirements. We believe that's possible, but there certainly is no clear authority. And so we're confronted and have been for quite a while with the fact that this is moving inexorably toward what will result in either a closure of the firm or a takeover of the firm with someone being put in charge of the firm that will then waive any rights to appeal. From what you say, there's absolutely no doubt that the Utah action was designed to, if not evade, avoid, avoid what you regarded as the inevitable results in the Southern District of New York. I would put it very differently. I would say the Utah action was filed because we wanted a court to actually look at the issue, rather than dismissing it, of the following facts. Let me ask you a simple question, a fundamental question. Scottsdale is not appealing here, right? Scottsdale, the notice of appeal that we filed was clearly filed on behalf of both. The SEC has made an argument that somehow Scottsdale is not appealing. Let me put it another way. The injunction was issued against Scottsdale, right? Yes. Not against Alpine. Both. It was issued against both. So that's the second point. Not only do we think the court absolutely ignored the proper first filed analysis, which under Second Circuit authority certainly appears to be governed by consideration of whether there are actually competing claims. The argument that the SEC is making here really is there's an issue that came up in front of the district court, and that's enough, because that same issue would be involved in Utah. That's not a basis for application of the first file rule. It is instead a possible issue of issue preclusion. That's what issue preclusion is all about. Thank you, Ms. Fritz. At least we've given you a little extra time, and you've reserved some time. Thank you. Ms. McKenzie. Good morning, Your Honors. May it please the Court, Rachel McKenzie for the Securities and Exchange Commission. As the district court said, this case presents unique circumstances. Alpine and Scottsdale expressly asked the District of Utah to stop this enforcement action because they were unhappy with the district court's summary judgment ruling. Given those unique circumstances, the district court reasoned . . . They want to raise the issue of the APA claim, so how are they going to be able to do that? Are we talking about Alpine or Scottsdale? I'm talking about either one. Okay. I'll address Alpine first. Alpine already has raised this issue in this action, and the district court rejected that argument. They're saying that the district court didn't give it the full treatment that it deserved. Well, I disagree with that, Your Honor, and if you look at the district court's rulings in this case, they tend to run almost 100 pages long. On the APA claim? Not quite on the APA claim, no, Your Honor, but Judge Cote did address it fully. What she said was, number one, the commission has statutory authority under the Exchange Act. Number two, the rule at issue is a reasonable interpretation of Section 17. And number three, Alpine's arguments about the lack of notice of comment are not persuasive. She clearly addressed each one of Alpine's arguments. I understand Alpine feels that the district court did not address the authorities that they feel best advance their claim, but as Your Honors have pointed out, Alpine can raise that issue on appeal. That is the appropriate venue to do that, not in the District of Utah. So your position, I take it, is that contrary to what your adversary is saying, is that this is an issue that can be raised directly on appeal, and if it has merit, presumably you would agree that it would undermine your enforcement action. Absolutely, Your Honor. First, I would say this court has already had one opportunity to address the merits when Alpine filed the mandamus petition. It denied that petition. Well, the mandamus petition is something else. Well, I know. Other reasons why we do that. Of course. It will have another opportunity to look at this issue after final judgment. And, yes, we've been very clear. If Alpine is correct on its APA claims, then it would undermine this enforcement action, which is exactly why it was an appropriate defense to raise in this action, and Alpine did it, and it lost. This court will have a chance to review that after final judgment. As to my colleague's arguments about, well, there's not going to be an appeal, we can't appeal, those issues were directly raised on the mandamus action, and this court determined that that was not a sufficient basis to review before final judgment. As Your Honors are very aware, there are two ways to get pre-final judgment review. One is 1292 certification for interlocutory review. Two is mandamus. Alpine pursued both. It lost. There is no option three that says, if you really disagree with what the district court did, what you can do is file a collateral lawsuit in another district court, get yourself enjoined, appeal, and get merits review. I do not think this court wants to set a precedent saying that that is appropriate. I do want to make one point about Scottsdale, and that is, as Judge Cabran has noted, they're not in this case right now. They didn't appeal. If you look at the caption of this appeal, it is SEC versus Alpine Securities Corporation because Scottsdale didn't appeal. Alpine filed. Ms. Fritz, Attorney Fritz noted that the notice of appeal was filed on behalf of both entities. It absolutely was not, Your Honor. It was filed on behalf of Alpine. Alpine's notice said it was challenging all parts of the order, but it was very clearly only on behalf of Alpine. And the best evidence you have of that is you can look at the caption or the signature block in the notice of appeal, which says on behalf of Alpine Securities Corporation, not Scottsdale. In fact, my colleague's brief on reply talks about how it would have been impossible for Scottsdale to appeal, which, Your Honor, I frankly find a little bit specious considering it's very clear that a party that is bound by an order can appeal. The Supreme Court said that in Devlin, and this Court said that in unsecured creditors of Wacom. Now, Judge Coates' injunction was directed at which party or non-party? Both Alpine and Scottsdale, Your Honor. Both. All right. So I just want to emphasize that all the commission asks for, all the district court's order does, is preserve this court's ability to review, the district court's ability to reach judgment in this case, and this court's ability to review that judgment after final judgment. And we would ask that the court affirm its order. Now, were both Scottsdale and Alpine parties before Judge Coates? No, Your Honor. Alpine was a party, and Scottsdale was referenced in the commission's complaint. It, by its own admission in the Utah filings, is involved in a lot of the transactions at issue here. But no, it's not a party in the enforcement. So the injunction can be said to have been issued against a non-party, at least one non-party. That's correct, Your Honor. And it's absolutely true that courts can only issue injunctions against non-parties in limited circumstances, but this case presents those limited circumstances. Why? Because Scottsdale was in Utah specifically asking the Utah court to enjoin these proceedings. Scottsdale can't go into another district court, ask it to interfere with a southern district's actions, and then say, oh, but the southern district can't touch me. That's just unreasonable, Your Honor. And unless the court has further questions, we're happy to rest on our feet. What is the status of the case now? The parties are in the middle of remedies briefing right now, Your Honor. The commission filed its brief a couple weeks ago. Alpine's brief is due at the end of this month, and I believe briefing will close in mid-June. And then we'll be waiting for the court's ruling on remedies and proceed to final judgment from there. Okay, thank you. Thanks. Ms. Ritz, you've reserved a bit of time. With respect to the issue of the extent to which the district court addressed the APA issue, again, let me be clear. Yes, the district court issues link the opinions in this case. There was literally a couple of lines in which the court very conclusorily rejected the idea that Rule 17a8 was procedurally unsound. There was absolutely no . . . Why aren't the decisions of this court that essentially addressed efforts to get them reexamined, the law of the case here that binds us certainly and . . . Well, I won't say certainly. I'm not speaking for my clients, which I would suggest might well bind us. The issue that Alpine confronts here really has to do with the fact that, first of all, that was an issue that was raised only defensively in the case. And this court will not find any decision in which a litigant has been barred from pursuing an actual cause of action by virtue of the fact that an argument was raised in another case. Again, this . . . An argument was raised in another case and then by virtue of efforts to get it up to the Court of Appeals was reviewed by the Court of Appeals and the party was precluded from bringing it. This issue, I have argued, cannot properly be reviewed by this Court of Appeals. It is my concern that were this appeal . . . were we able to file the appeal? And we do not believe it likely that Alpine can survive the issuance of this judgment. So if we were able to file the appeal, we think this court would take a look at that issue and find the record to be undeveloped precisely because it was not a cause of action or a claim, which I continue to maintain is really the basis for an injunction under the first filed rule, which was the only basis cited by the district court. So we will not have that ability. But more importantly, this was not done and directed at the New York . . . We don't have the ability to appeal from a judgment that hasn't been issued yet and include this issue. We don't even know what the judgment is yet. We know that the SEC now has filed for $22 million. And we know the rulings that have come before from the district court. Do you think it's automatic? I don't think it's automatic, but I think it is more likely than not. Inevitable, perhaps. Yeah. And so we have to anticipate that. And if you can imagine the circumstance in which we find ourselves, where we have presented two important, legitimate issues that really are threshold issues for this case, and we are facing extinction such that we will not be able to get review. Now, putting that aside, it wasn't just frustration that led to the filing of the Utah case. That is the statutorily authorized path for an agreed party to actually get a review on an APA issue. Why? For example, this is not a duplicative claim in the SEC case because we could never get the relief that an APA case leads to. The APA case would generally consider validity of the provision. In the SEC case, the most that might ever have been said is there's an issue with respect to the validity of the rule, but, again, it wouldn't have any application beyond that. Thanks, Ms. Fitts, very much. Thank you. Appreciate your argument. I gave you a couple of extra minutes. Thank you very much. Thank you. We'll reserve the decision and we'll hear from you.